UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Damiane Antron McCoy, *a/k/a Damaine Antron McCoy,* | ) ) | C/A No. 4:24-cv-05139-RMG-MHC |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Stephen, Elizabeth Munnerlyn, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This a civil action filed by Plaintiff Damaine McCoy, also known as Damiane McCoy, a state prisoner who is proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form Order dated October 3, 2024, Plaintiff was directed to provide certain documents to bring his case into proper form. He was also notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 5. Plaintiff has not provided all the required proper form documents, as discussed further below, and he has not filed an amended complaint.

## I.    BACKGROUND

At the time Plaintiff filed this action, he was an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC). Records from SCDC indicate that Plaintiff was moved to Tyger River Correctional Institution on September 10, 2024,[1] to Lee

---

[1] The Proper Form Order was mailed to Plaintiff at his address of record at Evans Correctional Institution and also to the address at Tyger River Correctional Institution as listed in the SCDC records. *See* ECF No. 5.

Correctional Institution on November 7, 2024, and to Perry Correctional Institution of SCDC on January 9, 2025. *See* SCDC Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Damaine McCoy"] (last visited Jan. 22, 2025).[2]

Records from Marlboro County and the SCDC indicate that on January 29, 2020, Plaintiff was sentenced to ten years' imprisonment, with credit for 1029 days, on the charge of assault and battery of a high and aggravated nature (case number MAR0967/indictment number 2019GS3400517). He was also sentenced to a consecutive term of seven and one-half years' imprisonment on the charge of resisting arrest with a deadly weapon, first offense (case number 2017A3410100177/indictment number 2017GS3400216). *See* Marlboro County Fourth Judicial Circuit Public Index, https://publicindex.sccourts.org/Marlboro/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited Jan. 22, 2025).

Plaintiff appears to be attempting to bring claims under 42 U.S.C. § 1983 (§ 1983). ECF No. 1 at 4. Defendants are Michael Stephen (Stephen), who Plaintiff states is a "public guard" (Plaintiff does not list Stephen's employer), and Elizabeth Munnerlyn (Munnerlyn), a solicitor for South Carolina. *Id.* at 2-3. Plaintiff states that the alleged incidents occurred at the trial in the Marlboro Court on January 18, 2020, and alleges that the "case was not submitted to Kirkland by sentencing sheet on the justice behalf." *Id.* at 5.

Plaintiff has listed no injuries. ECF No. 1 at 6. As relief he requests:

---

[2] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

> All U. Class rights of law and to never be victim to prolongs like this ever again. Release, clearing of back ground check for work, and right as an attorney of law on South Carolina.

*Id.* (errors in original).

## II.     <u>STANDARD OF REVIEW</u>

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     <u>DISCUSSION</u>

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     <u>Lack of Jurisdiction</u>

This action is subject to summary dismissal for lack of jurisdiction. Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Complaint

filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.[3] Plaintiff appears to be attempting to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In response to the question on the Complaint form asking Plaintiff what federal constitutional or statutory rights he claims are being violated by state or local officials, he wrote:

> Rights to "Match Card" rule.
> NG and G of lesser.
> Plea to both charges in the order.

ECF No. 1 at 4. In response to a question asking him to explain how each Defendant acted under color of federal law, Plaintiff asserts "[m]alicious injury, kidnapping, false imprisonment, fraud of taxes above states' prosecuting level." *Id.*

---

[3] A district court may also have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States[.]" 28 U.S.C. § 1332. However, Plaintiff has not asserted diversity jurisdiction and has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

Plaintiff fails to allege that any of his federal constitutional and/or statutory rights were violated. Moreover, conclusory statements, without supporting facts or citation to specific legal precedent establishing a cause of action they seek to pursue, fail to adequately establish federal question jurisdiction under Rule 8. *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

B.    <u>Failure to State a Claim</u>

Even if Plaintiff can establish federal court jurisdiction, this action should be summarily dismissed because Plaintiff fails to state a cognizable claim against Defendants. Much of the Complaint is fairly characterized as being composed of what some courts have described as "buzz words" or "legalistic gibberish." *See, e.g., Rochester v. McKie*, No. 8:11-CV-0797-JMC-JDA, 2011 WL 2671306 (D.S.C. Apr. 13, 2011), *report and recommendation adopted*, No. 8:11-CV-0797-JMC, 2011 WL 2671228 (D.S.C. July 8, 2011). As such, a substantial portion of Plaintiff's allegations are so generally incomprehensible or filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish," that it is unclear what is to be made of them. *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2nd Cir. 1998); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming dismissal of Plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face).

Although Plaintiff lists Defendants' names in the caption of his Complaint and his list of Defendants, his pleadings fail to provide any specific facts to support a claim that each of these Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

C.    <u>Prosecutorial Immunity</u>

Plaintiff asserts that Defendant Munnerlyn was a solicitor for South Carolina at the time of the alleged incidents. Defendant Munnerlyn is subject to summary dismissal because prosecutors[4] have absolute immunity from damages for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-343 (2009); *see also Hendricks v. Bogle*, 3:13-CV-2733-DCN, 2013 WL 6183982, at *2 (D.S.C. Nov. 25, 2013) ("In South Carolina, the Attorney General and his assistants function as prosecutors in criminal appeals [and] post-conviction relief actions, .... [and they have] absolute immunity for their prosecution-related activities in or connected with

---

[4] In South Carolina, regional prosecutors are called solicitors and assistant solicitors. *See* S.C. CONST Art. V, § 24; S.C. Code Ann. § 1-7-310.

judicial proceedings."); *Pressley v. McMaster*, No. 3:14-cv-04025-JMC, 2015 WL 5178505, at *4 (D.S.C. Sept. 4, 2015) ("Representing the state's interest in criminal appeals or otherwise defending the validity of a conviction or sentence on appeal or in post-conviction proceedings is 'intimately associated with the judicial phase of the criminal process,' and thus constitutes an immune function."). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Van de Kamp v. Goldstein*, 555 U.S. at 343*; see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller–Burnside*, 208 F.3d 467 (4th Cir. 2000). Therefore, because Plaintiff appears to be attempting to assert claims against Munnerlyn based on her participation in Plaintiff's criminal proceedings (including any post-conviction proceedings), his claims against Munnerlyn are barred. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability") (emphasis in original); *see also Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) ("In *Imbler v. Pachtman*, 424 U.S. 409, 430-32 [] (1976), the Supreme Court held that prosecutors are absolutely immune from damages liability when they act as advocates for the State.").

D.     Public Defender not a State Actor

As noted above, Plaintiff lists Defendant Stephen as a "Public Guard," but fails to identify Stephen's employer. It is unclear, but Plaintiff may be attempting to bring a claim against Michael Stephens, a public defender for Marlboro County. *See* South Carolina Commission on Indigent Defense, https://sccid.sc.gov/about-us/county-public-defenders/marlboro (last visited Jan. 22, 2025). To the extent Plaintiff is attempting to bring a claim against his attorney or public defender, this Defendant is subject to summary dismissal because Plaintiff has alleged no facts to indicate

that Defendant Stephen acted under color of state law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-324 nn. 8-16 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

E.    Requested Relief not Available

Plaintiff appears to be asking for release from custody. However, such relief is not available in a case brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length or duration of confinement is within the core of habeas corpus).

F.    Statute of Limitations

 Plaintiff complains about incidents that allegedly occurred in January 2020. Such claims are barred by the applicable statute of limitations because these incidents occurred more than three years prior to Plaintiff filing this lawsuit. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. *See Owens v. Okure*, 488 U.S. 235 (1989); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action. For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C.

Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim."). A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law).[5]

G.     State Law Claims

Plaintiff may also be attempting to assert claims under South Carolina law. However, as Plaintiff fails to state any federal claim, only the state law claims would remain, and federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *See* 28 U.S.C. §1367; *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998). Of course, a district court may have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...." 28 U.S.C. § 1332. However, as noted above, Plaintiff has not established diversity jurisdiction.

Plaintiff has asserted no valid federal claim and there is no diversity jurisdiction. Thus, this Court should not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367; *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Tigrett v. Rector and*

---

[5] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading (*see* Fed. R. Civ. P. 8(c)), the court is authorized to anticipate clearly apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d at 74; *see also Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [that a] complaint [is] frivolous.") (citation omitted).

*Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case); *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999 )("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

H.     <u>Failure to Bring Case into Proper Form</u>

Plaintiff also failed to bring this case into proper form. In the Court's Proper Form Order, Plaintiff was given the opportunity to bring his case into proper form by submitting the necessary proper form documents (a summons form listing all named Defendants, a completed and signed Form USM-285 for each named Defendant, and payment of the filing fee or submission of a completed and signed Application to Proceed Without Prepayment of Fees and Affidavit (Form AO-240) and a completed and signed Financial Certificate).[6]

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to all provide the required items to bring his case into proper form. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

---

[6] The Proper Form Order was mailed to Plaintiff at the Evans Correctional Institution address he provided and also to the Tyger River Correctional Institution address listed in the SCDC records. *See* ECF No. 5. SCDC records indicate that Plaintiff was housed at Tyger River Correctional Institution at the time the Proper Form Order was mailed and also at the time his response to the Proper Form Order was due.

## IV.    <u>RECOMMENDATION</u>

Based on the foregoing, it is recommended that this action be dismissed without prejudice, without leave to amend,[7] and without issuance and service of process.[8]

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

January 28, 2025
Charleston, South Carolina

---

[7] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

[8] The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at his address of record and also to the current address listed for Plaintiff in the SCDC records (Perry Correctional Institution, 430 Oaklawn Road, Pelzer, SC 29669).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).