IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Damiane Antron McCoy, *a/k/a Damaine Antron McCoy*,<br><br>           Plaintiff,<br>v.<br><br>Michael Stephen, Elizabeth Munnerlyn,<br><br>           Defendants. | Case No. 4:24-5139<br><br>**ORDER AND OPINION** |

Before the Court is the Report & Recommendation (R&R) of the Magistrate Judge recommending that Plaintiff's case be dismissed without prejudice, without leave to amend and without issuance and service of process. (Dkt. No. 8). Plaintiff objects to the R&R. (Dkt. No. 10). For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Plaintiff's case.

**I.     Background**

Plaintiff brings this suit under 42 U.S.C. § 1983 alleging "malicious injury, kidnapping, false imprisonment, [and] fraud of taxes above states' prosecuting level" against Defendants Michael Stephen, who Plaintiff alleges is a "public guard," and Elizabeth Munnerlyn, a solicitor for the State of South Carolina. (Dkt. No. 1 at 4). He contends that the "case was not submitted to Kirkland by sentencing sheet on the justice behalf." (*Id.* at 5). The Magistrate Judge ordered Plaintiff to bring his case into proper form on October 3, 2024. (Dkt. No. 5). Plaintiff did not file an Amended Complaint.

The R&R recommends dismissal because Plaintiff fails to state a claim the Court may consider pursuant to its federal question jurisdiction or diversity jurisdiction. (Dkt. No. 8 at 4). Plaintiff does not assert violation of any federal constitutional or statutory right by a person acting

under color of state law. (*Id.*). The R&R recommends dismissal on the additional basis that Plaintiff has failed to state a cognizable claim against Defendants. (*Id.* at 5). Finally, the R&R notes that Defendant Munnerlyn is entitled to prosecutorial immunity and, to the extent Plaintiff seeks to bring a claim against Michael Stephens, a public defender for Marlboro County, such claim is subject to dismissal where Plaintiff fails to allege facts that Stephens acted under color of state law. (*Id.* at 7-8). Plaintiff's claims, which allegedly arise from events in January 2020, are barred by Section 1983's three-year statute of limitations. (*Id.* at 9). To the extent Plaintiff seeks to assert claims under South Carolina law, the Court does not have jurisdiction to hear such claims where he has not asserted any cognizable federal claims. (*Id.*). Alternatively, because Plaintiff has failed to bring his case into proper form, the R&R recommends dismissal under Fed. R. Civ. P. 41(b). (*Id.* at 10).

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

Plaintiff's objection reads:

> I am not supporting the R&R with none of my property time skills my decisions people or any honorable skill that I have. My vacate and supersede order has not reached that respect that the orders should. December 30, 2024 was my respectable release date that you are now in violations of suppressing the knowledge of have any education to progress a quality response. The auditor is not in fault of my missing money from my case the pls advantage buildings judges and readings from capture is. No form to show vacate and supersede is mailed here as of January 24, 2025.

As this is a non-specific objection, and the Court reviews the R&R for clear error. *Diamond*, 416 F.3d at 315. Finding none, the Court **ADOPTS** the R&R as the Order of the Court.

### IV. Conclusion

In light of the foregoing, the Court **DISMISSES** Plaintiff's case without prejudice, without leave to amend and without issuance and service of process.

**AND IT IS SO ORDERED.**

                         s/Richard M. Gergel
                         Richard Mark Gergel
                         United States District Judge

February 6, 2025
Charleston, South Carolina